REVISED OPINION
PER CURIAM.
The Workers’ Compensation Rules Committee of The Florida Bar has petitioned this Court to approve its quadrennial report of proposed changes to the Florida Workers’ Compensation Rules of Procedure. Pursuant to Florida Rule of Judicial Administration 2.130, the proposed amendments have been submitted to The Florida Bar Board of Governors for review. With two exceptions, rules 4.040 and 4.150, the board unanimously recommended approval. At oral argument, the rules committee agreed to withdraw the change to rule 4.040 and the portion of the change to rule 4.150 to which the board objected. There was also one proposed change from interested parties which the rules committee and board did not adopt which merits comment. It was suggested that the title of “deputy commissioner” be changed throughout the rules to “judge.” Although there may be some merit in this suggestion, we believe that such a change requires legislative action in order to maintain consistency with chapter 440, Florida Statutes (1987).
Notice of proposed amendments has been published in The Florida Bar News. No objections have been filed with this Court. We hereby approve all proposed amendments.**
ORDER
Pursuant to the Administrative Order of Tuesday, September 6, 1988, the revised Workers’ Compensation Rules of Procedure are approved.
FLORIDA WORKERS’ COMPENSATION RULES OF PROCEDURE
TABLE OF CONTENTS PART A. TRIAL PROCEEDINGS
RULE 4.010 SCOPE AND TITLE
RULE 4.020 DEFINITIONS
RULE 4.022 FORMS OF PLEADING
RULE 4.030 FILING AND SERVICE
RULE 4.040 COMPUTATION OF TIME
RULE 4.051 CONSOLIDATION OF CLAIMS
RULE 4.052 THIRD PARTY PRACTICE
RULE 4.056 RIPENESS
RULE 4.058 PETITION FOR MODIFICATION; PETITION FOR REIMBURSEMENT FROM SPECIAL DISABILITY TRUST FUND
RULE 4.060 REPRESENTATION AND APPEARANCE OF COUNSEL; SUBSTITUTION OF COUNSEL; WITHDRAWAL OF COUNSEL
RULE 4.061 CONTRACTS OF REPRESENTATION; ATTORNEY FEES
RULE 4.062 PAYMENT OF ATTORNEY FEES BY EMPLOYEE
*244 RULE 4.070 APPLICATION FOR HEARING
RULE 4.080 NOTICE OF HEARING; ORDER OF DEPUTY COMMISSIONER
RULE 4.090 DISCOVERY
RULE 4.100 PRETRIAL PROCEDURE
RULE 4.110 PROSECUTION OF CLAIM BEFORE DEPUTY COMMISSIONER
RULE 4.111 PROCEEDINGS BY TELEPHONE
RULE 4.112 EMERGENCY CONFERENCES
RULE 4.113 EFFECT OF CONTINUANCES
RULE 4.120 ADMISSIBILITY OF EVIDENCE; PROFFERS; EXHIBITS
RULE 4.130 AGREEMENTS
RULE 4.131 SETTLEMENT OF PROSPECTIVE BENEFITS
RULE 4.140 MOTION PRACTICE
RULE 4.141 MOTION FOR REHEARING, VACATING, AMENDING ORDER OF DEPUTY COMMISSIONER; RULE NISI
RULE 4.150 SANCTIONS
PART B. APPELLATE PROCEEDINGS
RULE 4.160 APPELLATE REVIEW
RULE 4.161 EFFECT OF APPEAL ON BENEFITS AWARDED
RULE 4.170 APPROVAL OF APPEAL BONDS
RULE 4.180 RECORD ON APPEAL
RULE 4.190 CORRECTIONS TO RECORD
RULE 4.200 PROCEEDINGS PENDING REVIEW
RULE 4.210 JURISDICTION; PROPOSED SETTLEMENT; MOTION FOR REMAND; APPELLATE COSTS
RULE 4.220 BRIEFS — WHEN TO BE FILED AND CONTENTS
RULE 4.230 MOTIONS
RULE 4.240 ORAL ARGUMENT
RULE 4.250 MOTION FOR REHEARING
RULE 4.260 MANDATE
RULE 4.270 FURTHER REVIEW AND ORIGINAL PROCEEDINGS
PART C. FORMS
RULE 4.900 FORMS
FORM 4.901 CAPTION AND STYLE OF PLEADINGS
FORM 4.902 ATTORNEY’S CERTIFICATE OF SERVICE OF EX PARTE ORDER
FORM 4.903 CONTRACT OF REPRESENTATION. POWER OF ATTORNEY. TRUST AGREEMENT AND MOTION
FORM 4.904 ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
FORM 4.905 MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
FORM 4.906 ORDER APPROVING ATTORNEY FEES AND COSTS
FORM 4.907 ORDER ON LEAVE TO WITHDRAW AS COUNSEL
FORM 4.908 NOTICE OF HEARING
FORM 4.909 NOTICE OF HEARING, DOCKET OF CASES
FORM 4.910 PRETRIAL COMPLIANCE
FORM 4.911 ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
PART A. TRIAL PROCEEDINGS
RULE 4.020. DEFINITIONS
Throughout these rules, unless the context or subject matter otherwise requires:
(a) “District court” means the District Court of Appeal, First District.
(b) “Clerk” means the clerk of the district court.
(c) “Division” means the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security.
(d) “Deputy” means a Deputy Commissioner pursuant to Chapter 440, Florida Statutes.
*245 (e) “Chief commissioner” means the chief commissioner appointed by the Governor, serving in the Department of Labor and Employment Security, pursuant to Chapter 440, Florida Statutes.
(f) In construing these rules, where the context indicates, the singular includes the plural and vice versa, and the masculine includes the feminine and neuter and vice versa.
(g) Filing shall be accomplished by placement with the Division, the Deputy Commissioner, or the clerk of the district court as the context of Chapter 440, Florida Statutes, or these rules require.
(h) “Carrier” means any licensed insurance carrier, self-insured employer, self-insurance fund or pool providing workers’ compensation insurance coverage pursuant to Chapter 440, Florida Statutes, and includes the servicing agents of self-insureds.
(i) “Claimant” means any person making a claim for workers’ compensation benefits or payments as permitted by Chapter 440, Florida Statutes. A “claimant” is a party within the meaning of these rules.
(j) “Pleading” means any paper or document filed under these rules invoking the jurisdiction of or seeking relief from the Deputy Commissioner or any court under Chapter 440, Florida Statutes.
COMMENTS:
1979 Committee Note: These definitions adapt to the 1979 legislation by which, for instance, the Bureau of Workmen’s Compensation was upgraded to a Division [of Workers’ Compensation]. This replaces rule 2, 1977 W.C.R.P.
1988 Committee Note: This rule is revised to include definitions of “carrier” (to include self-insureds and servicing agents) and “claimant” (to include any party with standing to bring a claim under Chapter 440, Florida Statutes).
RULE 4.022. FORMS OF PLEADING
Pleadings in proceedings before the Deputy Commissioner under these rules shall substantially conform to these rules unless otherwise ordered by the Deputy Commissioner. All pleadings (and notices or subpoenas, if originated by a party or an attorney) shall be signed by the party in interest and/or their attorney of record. All pleadings shall contain the mailing address and telephone number of the party or attorney filing the pleading. Pleadings shall be typewritten or printed on 8½" by 11" bond paper. Proposed orders, except as otherwise provided in these rules, shall be accompanied by an original and one copy for the use of the Deputy Commissioner together with enough copies and pre-ad-dressed envelopes to permit service on all parties and counsel of record.
COMMENTS:
1988 Committee Note: This rule is intended to standardize the form of pleadings and the preparation of documents by counsel for the use of the Deputy Commissioner.
RULE 4.030. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or otherwise provided by these rules or Chapter 440, Florida Statutes, any pleading or other papers filed in proceedings shall be served on each party.
(b) Method and Proof of Service.
(1) Same; how made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service on the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him at his last known address. Delivery of a copy within this rule shall mean (a) handing it to the attorney or party, or (b) leaving it at hfe the attorney’s office with his clerk or other person in charge thereof, or (c) if there is no one in charge, leaving it in a conspicuous place therein, or (d) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of the family above the age of fifteen years of age and informing such person of the contents, or (e) by United States mail, postage prepaid, to the last known address of the party or attorney. Service by mail shall be complete upon mailing.
*246 (2) Certificate of Service. When any attorney or unrepresented party shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names and address or addresses) by (delivery) (mail) this_day of_, 19_
Attorney (or unrepresented party)”
The certificate shall be taken as prima facie proof of such service in compliance with these rules.
(c) Service by Mail. When service is effectuated by mail, five days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. (This subsection does not apply to the filing requirements for institution of appellate proceedings or notices or hearing.)
(d) Subpoenas. Issuance, service and proof of service of subpoenas of the Deputy Commissioner shall be in the form and manner provided by Florida Statutes and the Florida Rules of Civil Procedure.
COMMENTS:
1979 Committee Note: This replaces rule 2(h), 1977 W.C.R.P. which merely provided “ ‘service’ shall be as provided in the Fla.R. Civ.P.”
Subsection (c) replaces rule 3(b), W.C.R. P. 1977. The caveat to the filing of the appellate proceedings is to warn of the jurisdictional nature of § 440.25(4)(f), Fla. Stat.1979, which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (aHe) shall apply only until September 30, 1979.
1984 Committee Note: Clarifies rules 3(c) and 8(a) by specifically excluding fifteen (15) day hearing notice from operation of rule 3(c).
1988 Committee Note: This rule is not intended to confer standing to sue on any person not accorded such standing by Florida Statutes.
RULE 4.051. CONSOLIDATION OF CLAIMS
The Deputy Commissioner may, on his own motion or on the motion of any party, consolidate claims for the purpose of hearings or for any other purpose.
COMMENTS:
1988 Committee Note: This rule formalizes existing procedure for consolidation of claims.
RULE 4.052. THIRD PARTY PRACTICE
The employer or its carrier (or servicing agent) may at any time file a claim seeking reimbursement, contribution, indemnification, or exoneration from any third party.
COMMENTS:
1988 Committee Note: This rule is intended to provide for the joinder of additional parties defendant by the employer or its carrier by the filing of a claim rather than by motion or other pleading.
RULE 4.056. RIPENESS
At any time during any proceeding, on the motion of any party or on the Deputy Commissioner's own motion, the Deputy Commissioner may make a determination of the ripeness for adjudication of any pending claim or defense or element thereof. The Deputy Commissioner may, in his discretion, take such testimony, hear such argument and enter such orders as may be necessary to determine the ripeness of an issue. The Deputy Commissioner may, in order to protect the interests of any party and to advance the proceedings, (a) sever any issue, or (b) continue a scheduled hearing as to any or all issues, or (c) reserve jurisdiction of any issue, or (d) dismiss any issue without prejudice.
In determining the ripeness of any issue, the Deputy Commissioner shall consider whether the opposing party has had adequate time within which to prepare to litigate the issue taking into account the due diligence of the parties.
*247 COMMENTS:
1988 Committee Note: This rule recognizes the serial nature of claims and defenses as they arise under Chapter 440, Florida Statutes. It codifies existing procedure to permit the Deputy Commissioner to adjudicate issues as they become ripe.
RULE 4.058. PETITION FOR MODIFICATION; CLAIM FOR REIMBURSEMENT FROM SPECIAL DISABILITY TRUST FUND
Petitions for modification pursuant to Section 440.28, Florida Statutes, and petitions for reimbursement from the Special Disability Trust Fund pursuant to Section 440.49(2), Florida Statutes, shall be made substantially in the form of a claim. Adjudication of a petition under this rule shall be in the manner provided in these rules for the disposition of claims and defenses.
RULE 4.060., REPRESENTATION AND APPEARANCE OF COUNSEL; SUBSTITUTION OF COUNSEL; AND WITHDRAWAL OF COUNSEL
(a) Appearance of Counsel. An attorney undertaking the representation of a party to a proceeding under these rules shall promptly file a notice of appearance, not to exceed one page in length, with the Division prior to the filing of an application for hearing, or with the office of the Deputy Commissioner having jurisdiction of the industrial accident after the filing of an application for hearing. The notice shall bear the style and caption provided in Form 4.901 and include the address and telephone number of counsel. A claim or application for hearing signed by counsel and containing the address and telephone number of counsel shall suffice as a notice of appearance. Notice of appearance shall be filed by any successor, or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a Deputy Commissioner or the district court.
(b) Substitution of Counsel. Substitution of counsel may be effected by the filing and service of a stipulation, for which no approval of the Deputy Commissioner is required, or by motion.
(b)(c) Withdrawal of Counsel. An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workers’ compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless he shall first file with the Deputy Commissioner a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant’s client and counsel for the adverse party and shall then obtain from the Deputy Commissioner an order granting said such motion for withdrawal. If appellate proceedings have been instituted in the cause, the motion shall be filed with the appropriate court. Upon the filing of a motion to withdraw as counsel, the Deputy Commissioner having jurisdiction of the industrial accident may conduct such hearings as may be requested by any party or. on his own motion to protect the rights of all parties; or the Deputy Commissioner may enter an order substantially in the form provided in Form 4,907.
COMMENTS:
1979 Committee Note: This replaces rule 6, 1977 W.C.R.P.
1988 Committee Note: This rule clarifies existing procedure as to the appearance and substitution of counsel and provides for an alternate procedure to approve the withdrawal of counsel without a hearing in the absence of a timely objection.
RULE 4.061. CONTRACTS OF REPRESENTATION; ATTORNEY FEES
(a) Contracts of Representation. The employee (or claimant) and the attorney for the employee (or claimant) may jointly apply to the Deputy Commissioner having jurisdiction of the industrial accident to approve their contract of representation and enforce the provisions thereof. The Deputy Commissioner may approve the contract of representation without a formal hearing if it appears to be in substantial compliance with these rules and the provisions of Chapter 440, Florida Statutes. Upon approval of the contract of representation without a hearing, the Deputy Commissioner shall enter an order and serve a copy of the order on the attorney for the employee.
*248 The attorney for the employee shall promptly serve a copy of the Deputy Commissioner's order on all parties and counsel of record using the certificate of service provided in Form 4.902. Any party, for good cause shown, may object to and move to modify or vacate any order approving a contract of representation at any time. The Deputy Commissioner shall promptly hear any such motion. The filing and service of a motion to modify or vacate an order approving a contract of representation shall suspend the operation and effect of the order until the motion is heard and decided. Nothing in this rule shall preclude the Deputy Commissioner from modifying or disapproving any contract of representation for good cause or to avoid undue hardship on any party.
(b) Payment of Undisputed Attorney Fees. The employee and the attorney for the employee may jointly move the Deputy Commissioner to approve the payment of an attorney fee and reimbursement of costs pursuant to a contract of representation by a stipulated motion substantially in the form provided by these rules. The employee and the employer and its carrier (or servicing agent) and/or their counsel may stipulate to the payment of an attorney fee and costs and submit their stipulation to the Deputy Commissioner for approval,
(c) Disputed Attorney Fees or Costs. A claim for attorney fees or costs brought by an attorney or party shall be in the form provided for a claim for compensation and shall be treated as a claim for compensation for all purposes. Any claim for attorney fees shall allege ultimate facts which, if proven, would give rise to entitlement to the award of an attorney fee. Prior to hearing any issue as to the amount of disputed attorney fees or costs, the attorney shall file a verified petition setting forth with specificity the amount of time expended, costs advanced or incurred, and the benefits obtained together with all other allegations of fact pursuant to Section 440.34, Florida Statutes. At the request of any party, or on the Deputy Commissioner’s own motion, the Deputy Commissioner shall determine the procedure for the hearing and adjudication of any issues as to a disputed attorney fee and taxation of costs.
COMMENTS:
1988 Committee Note: This rule formalizes and makes substantially uniform existing practice as to attorney-client contracts and attorney fees as these proceedings have evolved since the 1979 legislative reforms. Approval of any attorney-client agreement by the Deputy Commissioner is discretionary and not mandatory.
RULE 4.062 PAYMENT OF ATTORNEY FEES BY EMPLOYEE
The Deputy Commissioner shall hear any motion for attorney fees in the manner provided for a hearing on a claim for compensation. With respect to proceedings in which the fee is to be paid by the employee, the employee may waive a formal hearing before the Deputy Commissioner and the Deputy Commissioner may consider the motion ex parte, based upon verified pleadings. No motion for attorney fees shall be granted by the Deputy Commissioner unless it appears affirmatively that the provisions of these rules and of Chapter 440, Florida Statutes have been substantially complied with and that the employee has been advised as to those provisions.
COMMENTS:
1988 Committee Note: It is intended that all motions under this rule be sworn to by the employee and contain a notarial jurat.
RULE 4.080. NOTICE OF HEARING ON CLAIM; ORDER OF B¥ DEPUTY COMMISSIONER
(a) The Deputy Commissioner shall hold a hearing within ninety (90) days after the filing of an application for the same hearing, and shall serve the claimant and other interested parties and counsel of record at their last known addresses, with at least fifteen (15) days notice by regular mail. The-netiee shall state with particularity the questions at issue or in dispute-which the Deputy -will hear-and determine. Service of a notice of hearing shall be complete upon mailing. Unless otherwise specified in the notice of hearing, the Deputy Commissioner may consider and determine all *249 issues pending as of the date of the hearing.
(b) The Deputy Commissioner may, in his discretion, set hearings singly at a time certain, or may set hearings in the aggregate using dockets in form provided in Rule 4,909.
(c) The order of the Deputy Commissioner shall set forth findings of fact, conclusions of law and the Deputy Commissioner’s determination of the claim or other ruling. The order shall be signed by the Deputy Commissioner and shall include a certificate of mailing-thereon service to all parties and counsel of record.
COMMENTS:
1979 Committee Note: This replaces rule 8, 1977 W.C.R.P.
It, too, is derived substantially from § 440.25(3)(a), Fla.Stat.1979. Note that the deputy shall give the notice.
1980 Committee Note: 8.(a) Suggestions have been made to remove the requirement that notice to the parties of a hearing be sent by certified mail. The rules committee of the Workers’ Compensation Section is of the opinion that the requirement that the hearing notice be sent by certified mail should be retained for two reasons. In the first instance, the statute, § 440.25(3)(a), Fla.Stat. requires notice by certified mail, and secondly, this provision is viewed as one which provides at least a minimum level of procedural due process.
8.(b) The portion of this rule which the rules committee of the section recommends be removed was in conflict with the wording of rule 14, which has been transplanted, in toto, to rule 8.(b).
1984 Committee Note: Conforms hearing notice requirements to section 440.25(3)(a), Florida Statutes, as amended to delete requirement of certified mail service, and provides clarification of time periods involved to the effect that minimum fifteen (15) days notice is measured from the date notice is mailed.
1988 Committee Note: This rule and accompanying forms provide a standard form for the notice of hearing. In the alternative, a hearing docket system is provided for in recognition of the adoption of that procedure in some districts. The provisions of paragraph (b) are new. The balance of the rule reflects the 1984 revision with minor changes in wording for clarity.
RULE 4.090. DISCOVERY
(a) Depositions. Depositions of witnesses or parties, residing within or without the State, may be taken and may be used in connection with proceedings under Chapter 440, Florida Statutes, either upon the order of the a Deputy Commissioner or at the instance of any party or prospective party to such proceeding. For good cause shown, the Deputy Commissioner may require the taking of a deposition by telephone.
(b) Production of Documents and Entry on Land. The parties shall be subject to discovery procedures dealing with the production of records and other tangible things, and entry upon land or other property for inspection or other purposes within the scope of discovery, including but not limited to all hospital and medical reports pertaining to the industrial accident, all rehabilitation reports, all records pertaining to the claimant’s average weekly wage at the time of the industrial accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statement of a party. The parties shall have thirty (30) days to serve a written response after service of any request under this rule. The Deputy Commissioner, for good cause shown, may enlarge or shorten the time allowed for compliance with this rule.
(c) Production of Documents from Non-Parties. The parties may also seek the production of documents and other tangible things, within the scope of discovery, for inspection and copying from a person who is not a party pursuant to the applicable Florida Rules of Civil Procedure.
(d) Jurisdiction. The Deputy Commissioner shall have jurisdiction to take appropriate action to compel discovery, including the imposition of sanctions, and may, as circumstances warrant, enlarge or shorten *250 the applicable time for complying with discovery.
(e) When Discovery May be Had. Discovery under this rule may be had prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of a claim, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure.
(f) Other Discovery. Interrogatories, requests for admission, and other forms of discovery not authorized by this rule shall not be used or permitted in workers’ compensation proceedings.
(g) Surveillance. The evidence of any investigator, adjustor or other witness in the nature of surveillance shall be subject to discovery when such evidence will be used at trial, provided the party intending to use such evidence is first given a reasonable opportunity to depose the party or witness who is the subject of the surveillance.
COMMENTS:
1979 Committee Note: This replaces rule 9, 1977 W.C.R.P.
It is derived substantially from § 440.30, Fla.Stat.1979.
1984 Committee Note: Subsections (b) through (f) are new and formalize additional forms of discovery already widely used in workers’ compensation proceedings. This rule specifically declines to adopt interrogatories or requests for admission as unduly cumbersome and contrary to the overriding policy consideration for the expeditious resolution of an injured worker’s rights. Although discovery is generally intended to be self-administrating, it is subject to the supervision of the Deputy Commissioner. Stephens v. Southern Furniture Transports, Inc., 420 So.2d 904 (Fla. 1st DCA 1982). This rule does not modify and is consistent with the powers and authority conferred upon the Deputy Commissioner pursuant to section 440.33, Fla.Stat.
1988 Committee Note: Subsection (g) of this rule is intended to conform to Dodson v, Persell, 390 So.2d 704 (Fla.1980).
RULE 4.100. PRETRIAL PROCEDURE
(a) Generally. The Deputy Commissioner may, on his own motion, or shall on the motion of any party to the action, hold a pretrial conference, at which the parties shall:
(1) State and simplify the claims, defenses, and issues.
(2) Make appropriate amendments to the claims and defenses.
(3) Stipulate and admit to such facts and documents as will avoid unnecessary proof.
(4) Present, examine, and mark for identification, all exhibits. Impeachment and rebuttal exhibits need not be revealed.
(5) Furnish the opposing party the names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed.
(6) Exchange all available written reports of experts where expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the parties shall present the reports to the Deputy Commissioner to be so marked. The parties shall consider and determine a limitation on the number of expert witnesses.
(7) Estimated trial time.
(8) Consider and determine such other matters as may aid in the disposition of the cause.
(b) Notice. The Deputy Commissioner shall give the parties at least fifteen (15) days notice of the pretrial conference. If a party or his attorney fails to attend the conference without good cause, the Deputy Commissioner may dismiss the claim or strike the defenses, or take such other action as may be authorized by law or these rules. The Deputy Commissioner may cancel the pretrial conference upon submission of a signed written pretrial stipulation. The Deputy Commissioner may conduct the pretrial conference by telephone at the request of any party, or on his own motion, provided all parties are represented by counsel.
(c) Record. The Deputy Commissioner shall record the pretrial conference by *251 stenographic or electronic means at the request of any party, or by a written stipulation signed by the parties.
(d) Pretrial Order. At the request of any party, the Deputy Commissioner shall promptly enter an order reciting the action taken at the pretrial conference, the amendments allowed to the claims and defenses, the agreements made by the parties about any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or stipulations of the parties. The Deputy Commissioner shall serve the order upon the attorneys for the parties and upon any party not represented by counsel. The order shall control the subsequent course of the action unless the Deputy Commissioner modifies it to prevent injustice. The order on the pretrial conference may be in letter form unless a formal order is requested by any party.
COMMENTS:
1979 Committee Note: This replaces rule 10, 1977 W.C.R.P. but is substantially the same.
1984 Committee Note: Provides that a party has the right to a pretrial conference upon request. Deletes requirement of notice of pretrial by order.
RULE 4.111. PROCEEDINGS BY TELEPHONE
The Deputy Commissioner may conduct any proceeding permitted under these rules or under Chapter 440, Florida Statutes, by telephone conference provided no live testimony, other than that of an expert witness as defined by the applicable statutes, be taken without the agreement of all parties and provided a means of recording the proceedings is available if requested by any party.
COMMENTS:
1988 Committee Note: This rule is adapted from Rule 2.071, Florida Rules of Judicial Administration to which reference may be made for purposes of construction.
RULE 4.112. EMERGENCY CONFERENCES
The Deputy Commissioner may require the appearance of the parties and counsel before him on less than 15 days written notice as otherwise required by these rules and by Chapter 440, Florida Statutes, only to consider the reasonableness and medical necessity of proposed medical treatment where there is a bona fide emergency involving the health or safety of an employee. The parties may agree to consider other issues at an emergency conference. An emergency conference under this rule shall be advisory in nature, shall not constitute a hearing for any purpose and shall not result in the entry of an order or the rendering of an adjudication by the Deputy Commissioner. No other emergency conference or hearing is permitted by these rules.
COMMENTS:
1988 Committee Note: This rule is intended to allow for a compulsory, advisory conference with the Deputy Commissioner only as to issues relating to the reasonableness and medical necessity of proposed emergency medical treatment.
RULE 4.113. EFFECT OF CONTINUANCES
An agreement by the parties to post-trial proceedings, including the post-trial presentation or submission of evidence, or to a continuance of the trial or the pretrial conference shall constitute a waiver by the parties of the requirements of Section 440.-24(3)(a), and Section 440.24(3)(b), Florida Statutes, as to the timeliness of hearings and the entry of orders.
RULE 4.120. ADMISSIBILITY OF EVIDENCE; PROFFERS; EXHIBITS
(a) Admissibility. Whenever a question of the admissibility of evidence is presented for consideration of the Deputy Commissioner, he shall promptly rule on it. If an objection is made and not ruled upon by the Deputy Commissioner, the ruling shall be presumed to be adverse to the party making the objection.
(b) Proffers. Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the Deputy Commissioner.
(c) Exhibits. Voluminous or cumbersome exhibits shall not be received in evi *252 dence unless their use is unavoidable. The contents of the Division file with respect to a claim shall not be admissible evidence as such, absent the stipulation of all parties, but individual documents or portions of the fiIeT may be admitted if admissible under the rules of evidence. Legible copies may be substituted for original documents ⅛ evidence when reasonably necessary.
COMMENTS:
1979 Committee Note: This replaces rule 12, 1977 W.C.R.P.
RULE 4.130. AGREEMENTS
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record. Any agreement or stipulation under this rule may be expressly relied on by the Deputy Commissioner in any proceeding, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The Deputy Commissioner may abrogate any stipulation which appears to be manifestly contrary to the evidence upon due notice to the parties; however, the Deputy Commissioner need not inquire beyond the stipulation or agreement.
COMMENTS:
1979 Committee Note: This replaces rule 12, 1977 W.C.R.P.
RULE 4.131. SETTLEMENT OF PROSPECTIVE BENEFITS
In any proceeding in which the parties undertake to compromise or release the prospective entitlement of the employee to any class of benefits pursuant to Section 440.20(12), Florida Statutes:
(a) The parties shall submit their agreement in writing executed by all attorneys of record and by the employee.
(b) The employee shall acknowledge the agreement and its material provisions under oath in writing or before the Deputy Commissioner.
(c) An agreement under this rule shall set forth the terms, conditions and consideration for the settlement together with all material facts necessary for approval of the settlement pursuant to Section 440.-20(12), Florida Statutes.
(d) Prior to the approval of any agreement under this rule, the parties and their attorneys shall submit to the Deputy Commissioner for inclusion in the Division file all evidence in their possession which is material to the consideration and disposition of the settlement agreement.
(e) The order of the Deputy Commissioner approving or disapproving the proposed settlement shall set forth findings of fact and conclusions of law to support the approval or disapproval of the proposed settlement and may be in substantially the form provided in these rules.
COMMENTS:
1988 Committee Note: The rule intends to codify and standardize existing practice as to washout settlements. The accompanying forms are substantially those presently in general use.
RULE 4.140. MOTION PRACTICE
(a) Procedural Motions. Any matter relating to procedure or discovery may be raised by motion before the Deputy Commissioner. The motion shall be filed with the Deputy Commissioner having jurisdiction of the industrial accident, who will promptly hear and decide the issues raised by the motion after giving not less than five days written notice to all parties. Motions may be heard at any pretrial conference, provided the motion was filed and served not less than five days prior to the date of the pretrial conference.
(b) Motions Seeking Affirmative Relief. The Deputy Commissioner may, in his discretion, treat any motion seeking affirmative relief or the adjudication of entitlement to any benefit in the manner provided for a claim for benefits under these rules.
COMMENTS:
1988 Committee Note: Subsection (a) of this rule is intended to create an expedited procedure for the disposition of motions relating to discovery and other preliminary matters not involving the adjudication of issues properly raised by claim or notice of defenses. Subsection (b) is intended to control the adjudication of substantive motions, such as motions for change of physi *253 cians, to suspend the payment or provision of benefits and the like.
RULE 4.141. MOTION FOR REHEARING, VACATING, AMENDING ORDER OF DEPUTY COMMISSIONER; RULE NISI
(a) Rehearing. Any party may file with the Deputy Commissioner a motion for rehearing directed to an order not yet final by operation of Section 440.25, Florida Statutes. Such a motion shall state with specificity the grounds on which it is based. The filing of such motion does not toll either the time within which an order becomes final or the time within which an appeal may be filed.
(b) Amending, Vacating Orders. At the Deputy Commissioner’s discretion, an order not yet final by operation of Section 440.25¿ Florida Statutes, may be either vacated or amended at either the Deputy Commissioner’s own initiative or pursuant to a motion for rehearing. Grounds for vacating an order may include circumstances in which it appears to the Deputy Commissioner that due consideration of a motion for rehearing may not be practicable within the time remaining under Section 440.25, Florida Statutes.
(c) Effect of Appeal. Nothing in this rule shall be construed to interfere with the Deputy Commissioner’s jurisdiction to either approve of settlements or correct clerical errors, as specified under Rule 4.160(a) of these rules.
(d) Rule Nisi. The Deputy Commissioner pursuant to an order of a court having jurisdiction of a proceeding to enforce an order of the Deputy Commissioner may conduct such hearings, consider such evidence, and enter such orders as may be necessary to determine any specific sums due pursuant to the order which is the subject matter of the rule nisi proceeding.
COMMENTS:
1984 Committee Note: This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Rroofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subsection (b) specifically invites use of a deputy’s power to vacate as a means of affording the party’s additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every case of motion for rehearing.
Subsection (b) codifies the long established practice in workers’ compensation litigation. A Deputy Commissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the Deputy Commissioner wide latitude in determining whether to amend or vacate an order.
RULE 4.150. SANCTIONS
Failure to comply with the provisions of these rules or any order of the Deputy Commissioner may subject a party to reprimand, striking of briefs or pleadings, denial of oral argument, dismissal of proceedings, imposition of costs, attorney’s fees or such other sanctions as the Deputy Commissioner shall deem appropriate.
COMMENTS:
1979 Committee Note: This is new in W.C.R.P. It is derived from Fla.R.App.P. 9.410, 1979.
PART B. APPELLATE PROCEEDINGS
RULE 4.160. APPELLATE REVIEW
(a) Notice of Appeal. Notice of appeal of an order of a Deputy Commissioner shall be filed with any Deputy Commissioner or with the First District Court of Appeal within thirty (30) days of the date copies of the Deputy Commissioner’s order were mailed to the parties. Notice of appeal shall contain a certificate of appellant (or cross-appellant) or counsel setting out the periods and classifications of benefits and medical treatment affected by the appeal. Appellant shall file the original and one copy of the notice, ac *254 companied by a $50.00 filing fee in the amount prescribed by law or by rule of court by check or money order, payable to the clerk of the district court. Jurisdiction of the district court is invoked as of the date of filing of the notice of appeal with any Deputy Commissioner or the clerk of the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction for the purpose of approving settlements or correcting clerical errors in the order appealed at any time prior to the filing of the record on appeal in the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction to determine whether there has been an abandonment under Rule 4.161.
The following pages, PART C. FORMS, are additions to the rules and shóuld be considered as new material even though not specifically underlined:
PART C. FORMS
RULE 4.900 FORMS
(a) Process. The following forms are sufficient. Variations from the forms do not void process or notices that are otherwise sufficient.
(b) Other Forms. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case.
(c) Formal Matters. Captions, except for the designation of the paper, are omitted from the forms as is the certificate of service.
1988 Committee Note: The use of the forms is not mandatory.
FORM 4.901 CAPTION AND STYLE OF PLEADINGS
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE DEPUTY COMMISSIONER DISTRICT “_”
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
(NAME) (NAME)
(ADDRESS) (ADDRESS)
CLAIMANT: [If other than Employee.] ATTORNEY FOR CLAIMANT: [If other than Employee.]
(NAME) (ADDRESS) (NAME) (ADDRESS)
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
(NAME) (NAME)
(ADDRESS) (ADDRESS)
CARRIER (SERVICING AGENT): CLAIM NUMBER: _-_ DATE OF ACCIDENT: _/_/.
(NAME) (ADDRESS)
(Title of Pleading)
*255 1988 Committee Note: This form is intended to standardize the caption and style of pleadings under these rules. It is intended to be incorporated by reference in the certificate of service where applicable.
There is no prior form.
FORM 4.902. ATTORNEY’S CERTIFICATE OF SERVICE OF EX PARTE ORDER
Certificate of Service
I certify that a copy of the attached order was mailed (delivered) to the following parties and counsel of record this_ day of_, 19_:
(Names and addresses of parties and counsel served, or if correctly shown in caption of order, then: “The parties and counsel as shown in the caption of the attached order.”)
ATTORNEY FOR EMPLOYEE
1988 Committee Note: This form is intended for use with orders approving attorney contracts of representation under Rule 4.060.
FORM 4.903 CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT AND MOTION
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings and to expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at his address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000.00 of all benefits obtained:
20% of the next $5,000.00 of all benefits obtained;
15% of all benefits obtained in excess of $10,000.00;
although the attorney fee may be greater or less than the sums retained in trust, depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty or complexity of my case and the amount ultimately paid or awarded.
THE DEPUTY COMMISSIONER (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and cost, or if all or part of my attorney fees and cost are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fee and court costs. Those circumstances are:
1. When my employer or its carrier has denied that I had an on the job accident or injury;
2. When my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits.
3. When the conduct of my employer or its carrier is found by the Deputy Commissioner to constitute “bad faith”, as defined in the Workers’ Compensation Act.
I understand that the recovery of attorney fees and costs in addition to my benefits *256 may require a separate proceeding for which I may incur additional cost and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and his carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held by him in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developements or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and to submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to his claim. The attorney accepts the trust provisions of this agreement and will account to me as to any monies received, expended or held on my behalf at my request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute and appoint the undersigned attorney as his agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY DEPUTY COMMISSIONER. Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney move that the Deputy Commissioner approve this contract of representation. The employee waives Notice of Hearing and waives a Formal Hearing before the Deputy Commissioner with respect to the approval of this contract of representation.
_(SEAL) EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED: _
STATE OF_
COUNTY OF _
BEFORE ME, the undersigned authority, personally appeared_, to me well known to be the person described in the foregoing Contract of Representation, Power of Attorney, Trust Agreement and Motion and acknowledged to me that (s)he executed the same for the purposes contained therein.’
IN WITNESS WHEREOF, I have hereunto set my hand and official seal this_ day of_, 19_
NOTARY PUBLIC
My Commission Expires:
_(SEAL)
ATTORNEY FOR THE EMPLOYEE
*257 1988 Committee Note: The suggested form intends to make uniform the attorney-client agreement and conform with Chapter 440, Florida Statutes as well as the Trust Accounting provisions applicable to attorneys, established practice and applicable case law. It is intended to memorialize and is not meant as a substitute for advice of counsel. The form is intended for use only as to claims arising under Chapter 440, Florida Statutes, and a separate agreement must be obtained for representation as to any other cause of action.
FORM 4.904 ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
The motion to approve the contract of representation having come before the undersigned ex parte and having reviewed the contract of representation entered into between the attorney for the employee and the employee providing for the retention of certain monies in trust and requesting that the employer/carrier make payment of benefits to the attorney for the employee on behalf of the employee; it is,
ORDERED AND ADJUDGED:
1. That the contract of representation is approved and jurisdiction is reserved to enforce, modify or rescind the contract of representation on the motion of any party or counsel. Further, that any attorney fees payable to the attorney for the employee shall constitute a lien against the employee’s benefits.
2. That the attorney for the employee is directed to serve a copy of this order on the employer, its carrier (or servicing agent) and counsel of record (if any) in the manner provided in Rule 4.060, Florida Workers’ Compensation Rules of Procedure.
3. That the employer and its carrier (servicing agent) pay all benefits due to the employee in care of the attorney for the employee and include the name of the attorney for the employee as an additional payee on any check or draft.
4.That the attorney for the employee may retain monies paid by the employee in trust subject to the final determination by the Deputy Commissioner of the entitlement to and amount of attorney fees.
DONE AND ORDERED in Chambers,
_(SEAL)
Honorable_
Deputy Commissioner
I CERTIFY that the foregoing order was entered and a true copy served by mail or by hand delivery on the attorney for the employee at the address written above on -, 19—
Assistant to the Deputy Commissioner 1988 Committee Note: The inclusion of this form is not intended to limit the discretion of the Deputy Commissioner in approving attorney-client agreements nor to imply that such approval is necessary.
FORM 4.905 MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
The employee and the attorney for the employee stipulate to the payment of attorney fees and costs and jointly move for the entry of an order for the payment of the fees and costs, and in support hereof state:
1. The employee and the attorney for the employee have heretofore entered into a contract of representation which has been approved by the Deputy Commissioner at the joint request of the employee and the attorney for the employee.
2. Pursuant to the contract of representation, the attorney has obtained the payment and/or the provision of benefits to the employee as follows:
COMPENSATION: Type: Period: Amount:
1.
2.
3.
MEDICAL: Provider: Amount:
OTHER: _
*258 TOTAL: _
3. The attorney for the employee represents he has expended the following professional time on behalf of the employee with respect to his workers’ compensation claim: _hours.
4. Based upon the benefits obtained and the guidelines set forth in Chapter 440, Florida Statutes, the attorney for the employee is entitled to reasonable attorney fees of $_
5. The employee acknowledges the receipt of these benefits through the efforts of the attorney and waives a FORMAL HEARING before the Deputy Commissioner to determine the amount of the fees and the attorney’s entitlement thereto.
6. The attorney represents to the Deputy Commissioner that he has obtained the aforesaid benefits for the employee through his efforts. The attorney further states that he has retained in trust, to secure the payment of fees pursuant to the contract of representation, the sum of $-
7. The attorney represents that the following reimburseable costs have been advanced on behalf of the employee and the employee agrees that these costs should be reimbursed to the attorney from the monies held in trust:
[[Image here]]
8.To the extent any monies have been paid or are to be paid in trust to the attorney pursuant to the contract of representation, the employee requests that those monies be released from trust to the extent fees and costs are awarded and paid to the attorney.
WHEREFORE, the employee and the attorney for the employee jointly move for the entry of an order granting the motion.
_(SEAL)
ATTORNEY FOR EMPLOYEE
_(SEAL)
EMPLOYEE
STATE OF_
COUNTY OF_
BEFORE ME, the undersigned authority, personally appeared_, to me well known to be the person described in the foregoing Motion and acknowledged to me that (s)he executed the same for the purposes contained therein.
IN WITNESS WHEREOF, I have set my hand and seal this_day of_, 19_
NOTARY PUBLIC
My Commission Expires:
FORM 4.906 ORDER APPROVING ATTORNEY FEES AND COSTS
ORDER FOR EX PARTE ATTORNEY FEES AND COSTS
The motion for ex parte attorney fees and Costs having been condidered and granted ex parte, I find:
1. That the employee and the attorney for the employee have heretofore entered into a contract of representation.
2. That attorney fees and reimbursable costs are due to the attorney for benefits obtained within the provisions of the Florida Workers’ Compensation Rules of Procedure and Chapter 440, Florida Statutes and it appears from the pleadings that those provisions have been substantially complied with, it is;'
ORDERED AND ADJUDGED:
1. The attorney fees and costs are approved as set forth in the motion.
2. The attorney may withdraw from trust sufficient sums to pay the fees and costs awarded to the attorney hereby.
3. The attorney is directed to comply with the applicable laws and provisions of the Rules Regulating The Florida Bar as they relate to trust accounting.
DONE AND ORDERED in Chambers.
_(SEAL)
Honorable_
Deputy Commissioner
I CERTIFY that the foregoing order was entered and a true copy served on the *259 parties and counsel by mail or by hand delivery this_day of_, 19_.
Assistant to the Deputy Commissioner
FORM 4.907 ORDER ON LEAVE TO WITHDRAW AS COUNSEL
ORDER ON LEAVE TO WITHDRAW AS COUNSEL
This claim having come before the undersigned on the motion of the attorney for the employee to withdraw as attorney of record in this proceeding and it appearing that good and sufficient grounds are shown in the motion for granting the motion; it is,
ORDERED AND ADJUDGED:
1. That any party in interest may object in writing filed with the Deputy Commissioner within thirty days of the date hereof.
2. In the absence of such objection, the motion is GRANTED and jurisdiction is reserved as to any lien for attorney fees and costs heretofore approved.
DONE AND ORDERED in Chambers.
_(SEAL)
Honorable_
DEPUTY COMMISSIONER
I CERTIFY that the foregoing Order was entered and a copy served on the parties and counsel by mail or by hand delivery this_day of_, 19_
Assistant to the Deputy Commissioner
FORM 4.908 NOTICE OF HEARING
NOTICE OF HEARING TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
A Hearing will be held in the above case at:
(LOCATION OF HEARING) at_o’clock_.M. on_, 19_
SUBJECT OF THE HEARING:
(MATTERS TO BE CONSIDERED)
The parties should arrange for all witnesses to appear promptly at the aforesaid time and place. The right is reserved to take such action as the law permits should either party fail to appear.
I CERTIFY that the foregoing Notice of Hearing was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the addresses written above on_, 19_
Assistant to the Deputy Commissioner
FORM 4.909 NOTICE OF HEARING, DOCKET OF CASES
NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE
TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
Pursuant to the attached schedule, a Trial (Final Hearing) and a Pretrial Proceeding will be held in this claim. A Pretrial questionnaire is furnished herewith to counsel and to any unrepresented party. It must be completed, filed and served on or before the Pretrial date specified on the schedule. Counsel may waive a live Pretrial conference only if all parties are represented by counsel. If counsel undertake to complete the pretrial procedure by mail or telephone conference, the completed pretrial questionnaire will be filed or the telephone conference held on or before the time scheduled for the pretrial conference in the attached schedule.
No witnesses will be heard at a Pretrial conference, however, all documentary evidence including medical bills and reports in the possession of the parties must be available at any Pretrial conference. Failure to comply in good faith with the Pretrial procedure result in sanctions.
Many of the Final Hearings on the schedule will not take place. You may call the Deputy Commissioner’s office (TELEPHONE NUMBER) to ascertain the actual trial schedule.
All pleadings should be filed at the office of the Deputy Commissioner (ADDRESS) regardless of the location of the hearing.
[Note: Second page of notice.]
*260 STATE OF FLORIDA
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY
DIVISION OF WORKERS’ COMPENSATION
OFFICE OF THE DEPUTY COMMISSIONER DISTRICT “_”
SCHEDULE OF FINAL HEARINGS FOR (DAY). (DATE)_, 19_,
AT
(LOCATION OF HEARING)
_M. (or as soon there after as the case may be heard).
FINAL HEARINGS: (Concerning all matters raised in the Claim(s), Notice of Defenses and Counter Claims, or by amendments thereto or by Motion.)
1.
2.
3.
4.
5.
A PRETRIAL CONFERENCE FOR THE ABOVE WILL BE HELD:
_M. on _, 19 at the above location unless otherwise arranged by agreement of counsel.
DONE AND ORDERED in Chambers.
Honorable_(SEAL) DEPUTY COMMISSIONER
I CERTIFY that a copy of the foregoing Notice was mailed or delivered to the above named parties, if unrepresented, and counsel _, 19
ASSISTANT TO THE DEPUTY COMMISSIONER
THIS IS THE ONLY NOTICE OF HEARING AND PRETRIAL CONFERENCE YOU WILL RECEIVE
FORM 4.910 PRETRIAL COMPLIANCE
PRETRIAL COMPLIANCE
Pursuant to the Order of the Deputy Commissioner and the applicable rule, the undersigned offer and agree to stipulate as follows:
I.STIPULATIONS
1. Date of Accident: _
Employee: -
Employer/Carrier: -
2. Place of Accident for venue, if agreed]
(County):
Employee: -
Employer/Carrier: -
3. Employer/Employee relationship on
date of accident:
Employer/Carrier: -
4. Workers’ Compensation Insurance coverage in effect on date of accident:
Employer/Carrier: -
5. Accident accepted as compensable:
Employer/Carrier: -
6. Timely notice of accident/injury:
Employer/Carrier:-
7. Timely notice of pretrial and final hearing:
Employee: _
Employer/Carrier: -
8. Jurisdiction of the Deputy Commissioner over the subject matter and parties:
Employee: -
Employer/Carrier: -
9. Average weekly wage:
Employee: $-
Employer/Carrier: $-
NOTE: If there is a dispute as to the average weekly wage, each party shall attach copies of all payroll records.
10. Maximum medical improvement, if reached, giving date, name of physician and impairment rating:
Employee: -
Employer/Carrier: -
II.CLAIMS AND DEFENSES
1. Employee: list each type, period, provider and amount of benefits or other issue to be tried at the final hearing:
2. Employer/Carrier: list each defense or other issue to be tried at the final hearing. *261 Note: The Deputy Commissioner reserves the right to impose sanctions for failure to specifically answer the foregoing in good faith. A reference to another pleading or to a general class of benefits is insufficient. Any issues not specifically raised in this section will be deemed waived or abandoned unless good cause is shown.
III. WITNESSES AND EVIDENCE
1. List all witnesses (by name and address) to be heard at the final hearing by deposition:
Employee:
Employer/Carrier:
2. List all witnesses (by name and address) to be called live at the final hearing: Employee:
Employer/Carrier:
3. List all witnesses (by name and address) for which permission will be sought to testify by telephone:
Employee:
Employer/Carrier:
4. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this compliance. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
THE OFFICE OF THE DEPUTY COMMISSIONER MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN ONE HOUR
_Date: _
Employee (or Attorney)
_Date: _
Employer/Carrier (or Attorney)
If served by mail or delivery, the attorney shall attach his certificate of service before filing.
FORM 4.911 ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
I.Settlements pursuant to Section 440-20(12)(a) and (c), Florida Statutes.
ORDER FOR RELEASE FROM LIABILITY FOR FUTURE PAYMENTS OF COMPENSATION, REHABILITATION EXPENSES, OR DEATH BENEFITS BUT EXCLUDING MEDICAL EXPENSES
The joint petition and stipulation for settlement pursuant to Section 440.20(12)(a) and (c), Florida Statutes, and Rule 4.131, Florida Workers’ Compensation Rules of Procedure, having come before the undersigned upon due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the Division file and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
1. All requirements of Section 440.-20(12)(a) and (c), Florida Statutes, and Rule 4.131, Florida Workers’ Compensation Rules of Procedure, have been complied with.
2. The employer has had adequate notice of these proceedings.
3. The employee [or claimant] fully understands the terms, conditions, consideration for and consequences of the proposed settlement.
4. The proposed settlement is in the best interests of all parties.
5. The proposed settlement will further the rehabilitation of the employee [or claimant] and will otherwise benefit the employee [or claimant] to a greater extent than the payment of benefits periodically under the provisions of Chapter 440, Florida Statutes.
6. The employee has reached maximum medical improvement more than three months prior to the consideration of this joint petition and stipulation for settlement. [Alternative: The employee died as a consequence of the industrial accident.]
*262 7. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of Chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
1. The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2. Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for future payments of compensation, rehabilitation expense, or death benefits because of the above captioned industrial accident and injury shall be fully and forever discharged and released.
3. The responsibility of the employer and its carrier (or servicing agent) for future medical expenses remains as it now is for the time and in the manner provided by law.
4. This order shall not be subject to modification or review under Section 440.-28, Florida Statutes.
DONE AND ORDERED in Chambers,
(SEAL)_
Deputy Commissioner
THIS IS TO CERTIFY that the above order was entered in the Office of the Deputy Commissioner and a copy was served by U.S. Mail on each party and counsel at the address listed above on_, 19_
Assistant to the Deputy Commissioner
II. Settlements pursuant to Section 440.-20(12)(b), Florida Statutes.
ORDER FOR RELEASE FROM LIABILITY FOR ALL WORKERS’ COMPENSATION BENEFITS PURSUANT TO SECTION 440.20(12)(b), FLORIDA STATUTES
The joint petition and stipulation for settlement pursuant to Section 440.20(12)(b), Florida Statutes, and Rule 4.131, Fla.W.C. R.P. having come before the undersigned upon due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the division file and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
1. All requirements of Section 440.-20(12)(b), Florida Statutes, and Rule 4.131, Fla.R.W.C.P. have been complied with.
2. The employer has had adequate notice of these proceedings.
3. The employee fully understands the terms, conditions, consideration for and consequences of the proposed settlement.
4. The proposed settlement is in the best interests of all parties.
5. The proposed settlement will further the rehabilitation of the employee and will otherwise benefit the employee to a greater extent than the payment of benefits periodically under the provisions of Chapter 440, Florida Statutes.
6. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of Chapter 440, Florida Statutes.
7. There is a bona fide dispute and controversy as to the liability of the employer and its carrier (or servicing agent) for the payment of workers’ compensation benefits as a result of the above styled alleged and injury. The employer and its carrier have voluntarily paid or provided no benefits and have timely controverted the claim for benefits.
IT IS ORDERED AND ADJUDGED:
1. The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2. Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for payment or provision of benefits of any class (including medical care) because of the above captioned alleged industrial accident and injury shall be fully and forever discharged and released.
*263 3. This order shall not be subject to modification or review under Section 440.-28, Florida Statutes.
4. The employee having agreed to pay his attorney a reasonable attorney fee for his services, and finding the the fee is reasonable and in accordance with law, the fee as agreed to is approved. The employer and its carrier (or servicing agent) shall pay no part of the attorney fee.
DONE AND ORDERED in Chambers
(SEAL)_
Deputy Commissioner
THIS IS TO CERTIFY that the above order was entered in the Office of the Deputy Commissioner and a copy was served by U.S. Mail on each party and counsel at the address listed above on_, 19_
Assistant to the Deputy Commissioner
III. Settlements pursuant to Section 440.-20(10), Florida Statutes, 1978.
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(10), FLORIDA STATUTES, 1978 (PRE-AUGUST 1, 1979 DATE OF ACCIDENT)
The joint petition and stipulation for settlement pursuant to Section 440.20(10), Florida Statutes, 1978, and Rule 4.131, Florida Workers’ Compensation Rules of Procedure, having come before the undersigned upon due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the Division file and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
1. All requirements of Section 440.-20(10), Florida Statutes, 1978, and Rule 4.131, Florida Workers’ Compensation Rules of Procedure, have been complied with.
2. The employer has had adequate notice of these proceedings.
3. The employee [or claimant] fully understands the terms, conditions, consideration for and consequences of the proposed settlement.
4. The proposed settlement is in the best interests of all parties.
5. The proposed settlement will further the rehabilitation of the employee [or claimant] and will otherwise benefit the employee [or claimant] to a greater extent than the payment of benefits periodically under the provisions of Chapter 440, Florida Statutes.
6. The payment of an attorney fee as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of Chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
1. The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2. Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for any payments of worker’s compensation, benefits because of the above captioned industrial accident and injury shall be fully and forever discharged and released.
3. This order shall not be subject to modification or review under Section 440.-28, Florida Statutes.
DONE AND ORDERED in Chambers,
(SEAL)_
Deputy Commissioner
THIS IS TO CERTIFY that the above order was entered in the Office of the Deputy Commissioner and a copy was served by *264 U.S. Mail on each party and counsel at the address listed above on-, 19—
Assistant to the Deputy Commissioner
The amendments will be effective 12:01 a.m., January 1, 1989.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

 The committee’s comments are included for explanation and guidance only and are not ádopted as an official part of the rules.