PER CURIAM.
Appellant/claimant appeals a worker’s compensation order on a claim for benefits for temporary total disability to February 1, 1978, and permanent partial thereafter. Appellant asserts error only as to determinations that (1) he reached orthopedic maximum medical improvement on April 1,1977; (2) he had a three to four percent permanent orthopedic disability as a result of the industrial injury on January 18, 1977; and (3) all temporary total and permanent partial disability benefits had been timely and properly provided. Upon consideration of the record, we affirm the results reached by the order on the second and third stated issues, and find that any error as to point one appears to be harmless in the circumstances presented.
Insofar as appellant’s argument controverts the factual basis for the finding on claimant’s orthopedic recovery, we find no error. However, neither party challenges the order’s further specific determination that claimant did not reach maximum medical improvement until April 10, 1978, from psychiatric disability to which his industrial injury contributed in conjunction with intervening noncompensable injuries. Patent error would therefore appear in attributing any effect, in these circumstances, to the stated earlier orthopedic maximum medical improvement date from the same injury to which the psychiatric claim was connected. Corral v. McCrory Corp., 228 So.2d 900 (Fla.1969); Giffen Industries of Orlando v. Campbell, 8 FCR 157 (Fla.1973), cert. denied 289 So.2d 734 (Fla.1974). Any benefits accruing prior to April 10, 1978, should accordingly have been for temporary disability notwithstanding an earlier orthopedic recovery.
The record reflects that temporary total disability benefits were paid until April 1, 1977. There is evidence that claimant’s psychiatric condition during treatment was not such as to affect his regular employment and evidence sufficient to sustain a conclusion that his temporary physical disabilities after April 1, 1977, resulted mainly from noncompensable accidents. The record therefore reflects no basis for compensable temporary total disability (orthopedic or psychiatric) after April 1, 1977, and appellant has not preserved or presented any issue as to temporary partial disability compensation (even if such could be arguable based on the eventual orthopedic rating).
*121 Appellant’s second and third issues on appeal also relate to sufficiency of permanent partial disability benefits. The order does not indicate the method by which permanent benefits already paid (stipulated to be 22% commencing April 1, 1977) would be credited against the compensable three to four percent permanent partial orthopedic disability found by the order, or against the five to ten percent psychiatric disability which the doctor was unable to apportion. We conclude, however, that those potential issues are foreclosed by appellant’s failure to raise, here or before the deputy, specific questions as to improper credit attributable to error in the date of maximum medical improvement. Cf. Schel v. City of Miami, 193 So.2d 170 (Fla.1966); Diplomat Hotel v. Badini, IRC Order 2-3494 (August 2, 1978); Tampa Wholesale Company v. Gores, IRC Order 2-3720 (February 26, 1979); and The Boeing Company v. Bailey, IRC Order 2-3869 (July 30, 1979).
The order is accordingly affirmed.
ROBERT P. SMITH, Jr., SHAW and WENTWORTH, JJ., concur.