395 So.2d 265 (1981)
SUNSHINE TRUCK PLAZA/CAMP OIL COMPANY, and Commercial Union Insurance Company, Appellants,
v.
Cora TUCKER and Bituminous Casualty, Appellees.
No. WW-64.
District Court of Appeal of Florida, First District.
March 13, 1981.
Martin J. Mickler, of Bullock, Sharp & Childs, P.A., Jacksonville, for appellants.
D. James Beatty, Jr., Jacksonville Beach, for appellee Cora Tucker.
John C. Taylor, Jr., and Jack W. Bettman, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee Bituminous Cas.
WENTWORTH, Judge.
This is an appeal of a workers' compensation order in which the deputy found a causal relationship between claimant's work and her hand eczema (contact dermatitis) and ordered Commercial Union, the last carrier on the risk to pay temporary total disability compensation for two weeks, certain medical bills, and penalties and interest on the TTD.
Ms. Tucker was employed at Sunshine Truck Plaza from December 1976 through July 1977, and again from January 1978 to April 1979. Around February 1978, she began developing dermatitis of her hands *266 which the doctor testified was caused by exposure to the detergents used and the heat from the grill. Although claimant required medical treatment for her dermatitis it did not become disabling until December 1978, when she missed two weeks from work. Sunshine Truck Plaza was insured by Bituminous Casualty until February 1, 1979, at which time Commercial Carrier became the insurer.
There is ample evidence showing the causal relationship. We therefore affirm as to Point I. However, we conclude that the deputy erred in his application of the last injurious exposure rule and reverse on Points II and III.
The deputy found that Tucker's last injurious exposure occurred from February 1 through April 23, 1979, and ordered Commercial Union to pay all benefits accrued up to the date of the hearing as well as future medical care. He found that MMI had not been reached so there is no determination of permanent disability at this time.
Commercial Union argues that the statutory reference to "last injurious exposure" must be interpreted to give effect to the term "injurious" in relation to a disability or need for medical care which is causally related to that exposure, in conjunction with prior exposure. Section 440.151(5), Florida Statutes (1979), states:
Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; ...
This language is plainly intended to mean that the liability of the carrier on the risk when the claimant is last exposed to the hazards of the disease is not limited to injury from that exposure alone, but should pay all treatment or disability, temporary or permanent, to which that exposure contributes along with prior exposures. That carrier should be liable for the entire percentage of disability or wage-earning loss, if any, without right of contribution from any prior carriers for prior exposures. The legislature by this section was attempting to avoid the situation where, for example, after long-term exposure, the claimant has an occupational disease resulting in an 80% permanent partial disability. During this long-term exposure, there may have been several carriers on the risk. Rather than attempt to apportion on the basis of the number of years each carrier was on the risk, the legislature has determined that the last carrier should be responsible for all compensation.
We do not think the legislature intended, however, that a carrier could refuse or fail to pay compensation which becomes due while it is on the risk, and then have a subsequent carrier made responsible for compensation the prior carrier should have paid. Although we assume that carriers generally behave in a responsible manner, the possible consequences of such a policy are staggering.
The carrier on the risk when the right to compensation accrues or the medical bills are incurred is liable for all benefits which were then due and owing during the period of its risk. Once the carrier goes off the risk, it is not liable for any future benefits even when they are partially attributable to exposure occurring during its risk period. A subsequent carrier at the time of any injurious exposure last preceding a disability would be liable for any benefits accruing during its period of risk, and would be solely liable regardless of prior contributing exposures.
In this case, Bituminous is liable for the medical bills incurred while it was on the risk and for the two weeks' temporary total disability in 1978 (for which the 1979 exposure was clearly not the injurious exposure). There is no difficulty in separating out such payments and therefore the difficulties inherent in attempting to apportion the disability per period of exposure is avoided. Bituminous is also liable for the penalties and interest on these benefits. *267 Commercial Union is liable for any medical treatment received after February 1, 1979, and for any future disability attributable to the occupational disease.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
MILLS, C.J., and ROBERT P. SMITH, Jr., J., concur.