480 So.2d 235 (1985)
DAYRON CORPORATION AND CLAIMS CENTER, Appellant,
v.
Frank MOREHEAD, Appellee.
No. BE-435.
District Court of Appeal of Florida, First District.
December 30, 1985.
*236 B.C. Pyle, Orlando, for appellant.
Edward H. Hurt, Sr., and Bill McCabe, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order awarding claimant wage-loss benefits. Claimant's disability, contact dermatitis, resulted from use of new cutting oils in the course of his employment as a machinist, which has been claimant's occupation for over 20 years. If claimant attempts to work with these cutting oils, he is 100-percent impaired. If he avoids the oils, he has no impairment. We agree with the deputy that claimant has a permanent impairment and affirm the award of wage-loss benefits. In OBS Company, Inc. v. Freeney, 475 So.2d 947 (Fla. 1st DCA 1985), on similar facts, we held:
[A]lthough the Guides do not award the permanent impairment to claimant's skin condition, we agree with the deputy that, under the particular factual circumstances at bar, the Guides are not exclusively controlling because the Guides do not address claimant's evident economic loss, which is the basis of the wage-loss concept.[1]
We affirm the order below, and, as in OBS Company, Inc. v. Freeney, we certify the following question as one of great public importance:
DO THE AMA GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT APPLY AND PRECLUDE A PERMANENT IMPAIRMENT RATING WHERE CLAIMANT SUFFERS A DISABILITY DUE TO OCCUPATIONAL DISEASE[2] WHICH PERMANENTLY IMPAIRS CLAIMANT'S ABILITY TO WORK, RESULTING IN ECONOMIC LOSS, BUT DOES NOT AFFECT "THE ACTIVITIES OF DAILY LIVING?"
BOOTH, C.J., and MILLS and JOANOS, JJ., concur.
NOTES
[1] We note that the second edition to the AMA Guides to the Evaluation of Permanent Impairment, copyright 1984, not discussed in OBS Company, Inc. v. Freeney, 475 So.2d 947 (Fla. 1st DCA 1985), purports to address the evident economic loss to this type of claimant by the inclusion of "occupation" in the "activities of daily living." However, the comment on Example 3 on page 205 contradicts the apparent inclusion of "occupation" as an "activity of daily living." In view of this ambiguity, we conclude that the second edition of the Guides still does not cover the type of economic loss apparent in this case.
[2] Although the deputy commissioner did not specifically find that claimant's disability is due to an occupational disease, it clearly is, Sunshine Truck Plaza/Camp Oil Company v. Tucker, 395 So.2d 265 (Fla. 1st DCA 1981), and a specific finding is unnecessary since compensability was stipulated.