WENTWORTH, Judge.
Appellant, the claimant, seeks review of a workers’ compensation order by which his claim for temporary total or temporary partial disability or wage loss benefits, and a change of physicians was denied. He contends the deputy commissioner erred in finding no permanent physical impairment, failing to rule on his entitlement to wage loss on a month-to-month basis, basing a finding of fact solely on the argument of the employer/carrier, and failing to set aside the order to hear additional medical testimony. Because the order recites and accepts evidence that appellant’s treating physician placed substantial permanent functional restrictions on him as a result of injuries sustained in the industrial accident, we find that the deputy commissioner’s conclusion against permanent physical impairment results in an internally inconsistent order. We therefore strike the finding against permanent physical impairment, but affirm the denial of benefits on other grounds.
Appellant suffered a compensable injury July 27, 1984 when he fell, injuring his right leg and hip. His treating physician, Dr. James M. Wallquist, prior to tests performed in August 1985 found him to have a 5% permanent physical impairment to the body as a whole, and placed restrictions on repetitive bending, lifting over 25 pounds, pushing or pulling heavy loads, and prolonged sitting or standing. Appellant continued to have complaints of pain, numbness and weakness in his right leg. He was found to have a low back strain and was admitted to a hospital for treatment of that condition. At Dr. Wallquist’s request, appellant underwent further testing in August 1985, but no need for surgery was found. Following the testing, Dr. Wall-quist diagnosed appellant as suffering from right lumbar radiculopathy. He then returned appellant to work as a trim carpenter, with restrictions. Dr. Wallquist at this time revisited his previous opinion, finding no “objective” evidence that appellant suffered from any permanent physical impairment. Dr. Wallquist, however, reaffirmed the restrictions he had placed on appellant earlier. Appellant returned to work with his former employer on October 21, 1985. He worked approximately two hours at a job the employer offered and then quit, complaining of pain. The former employer offered to work with appellant to find a job he could perform within his restrictions, but appellant never returned. Appellant moved td Live Oak from Ft. Lauderdale in October 1985. He moved back to Ft. Lauderdale one month later and tried to find work there. He was employed for two weeks in December 1985. He then returned to Live Oak, where he remained until February 20, 1986, conducting no job search. Between February and May, 1986 *302 appellant sought work from five employers.
Appellant filed a claim for temporary partial disability or wage loss benefits from the date of his return to work on October 21,1985, to the date of the hearing, medical expenses of Dr. Wallquist, opinion and treatment, if necessary, of a neurosurgeon, and penalties and interest. Appellant added a claim for temporary total disability benefits from July 1985 to the date of the hearing. Appellees controverted the wage loss claim on the ground that appellant had conducted no job search from August 1985 to March 1986. Appellees also defended on the ground that appellant reached maximum medical improvement on June 3,1985, and that Dr. Wallquist remained an authorized treating physician. In his order, the deputy commissioner found that appellant had no permanent physical impairment and denied wage loss benefits on that basis as well as on appellant’s inadequate job search. The deputy commissioner found that appellant’s employer made available a job within his limitations, but appellant had refused the employer’s offer. On that basis, the deputy commissioner found appellant was not entitled to temporary total or temporary partial disability or wage loss benefits from October 1, 1985. The deputy commissioner accepted appellees’ argument that the evidence did not show a deauthori-zation or failure to authorize a physician and that appellant could return to Dr. Wall-quist or to another doctor. On that ground the deputy commissioner denied the claim for a medical examination and appointment of another physician. Appellant filed a motion to set aside the order on grounds that the deputy commissioner stated at the hearing that appellant was entitled to a physician and that he would not rule on entitlement to treatment and examination until a physician had seen appellant. Appellant alleged that he had arranged with appellees to be seen by a Dr. Woolsey, and that Dr. Woolsey, upon examination of appellant’s past medical records, had found neurological deficits. The deputy commissioner denied the motion to set aside the order.
As to the deputy commissioner’s finding that claimant had no permanent physical impairment, the record reflects that Dr. Wallquist placed numerous medical restrictions on appellant and did not lift those restrictions in restating his conclusion as to a permanent impairment rating. The deputy’s conclusion against permanent physical impairment is plainly inconsistent with his express acceptance of continuing evidence of restrictions placed on claimant by his physician. We therefore amend the order to remove its reference to lack of permanent physical impairment, which issue is in any event mooted at this time by our affirmance of the denial of benefits on other grounds.
The denial of the claim for wage loss benefits, as noted above, is also based upon the inadequacy of appellant’s job search. The record supports the deputy commissioner’s finding that appellant failed to accept a job offered him by his former employer in October 1985, and did not conduct an adequate work search at any time thereafter during the period for which benefits were claimed. Entitlement to wage loss benefits is, of course, determined monthly, and failure to qualify for one period does not necessarily preclude benefits for a subsequent period. Miller v. Richard Cole Roofing, 510 So.2d 1018 (Fla. 1st DCA 1987); Whalen v. U.S. Elevator, 486 So.2d 670 (Fla. 1st DCA 1986); Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984).
We find no merit in other points raised. The order, as amended, is affirmed.
MILLS and BARFIELD, JJ., concur.