565 So.2d 378 (1990)
Michael ALBERTA, Appellant,
v.
AMERICAN FREIGHT SYSTEMS, Appellee.
No. 89-3188.
District Court of Appeal of Florida, First District.
August 8, 1990.
Barry A. Stein, of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellant.
John F. McMath, P.A., Miami, for appellee.
SHIVERS, Chief Judge.
Claimant appeals portions of a workers' compensation order finding he is not permanently physically impaired and denying him any wage loss or future chiropractic care. He also appeals the rejection of one medical opinion. We reverse the finding of no permanent impairment and no wage loss, and affirm the denial of future chiropractic care and the rejection of the one medical opinion.
On February 26, 1985, claimant, a 59-year-old truck driver, injured his back while unloading a truck for his employer. The employer accepted the injury as compensable and provided some compensation and medical benefits.
Eventually, claimant came under the care of Dr. Bonis, an M.D. specializing in rehabilitative medicine, who, according to his notes,[1] believed that claimant suffered a cervical and lumbar sprain with no evidence of acute nerve root involvement. The Judge of Compensation Claims (JCC) *379 relied primarily upon Dr. Bonis's notes in making his no permanent impairment finding. In the order, he wrote that because of claimant's more recent visits with Dr. Bonis, Dr. Bonis was in a better position than other treating doctors to evaluate claimant up to the time of hearing.
Dr. Bonis initially placed claimant in an intensive rehabilitation program which was monitored by the employer/carrier's (E/C's) rehabilitation nurse. Dr. Bonis discharged claimant from the program March 28, 1986 and found him at MMI. Dr. Bonis recommended in a letter to the E/C that claimant could return to work March 31, 1986 with restrictions on lifting 50 pounds frequently and 75 pounds occasionally, sitting for more than two hours or standing more than one, and walking more that one mile. According to Dr. Bonis, these restrictions translated into a zero percent whole body impairment rating under the AMA Guides.
In Wilbanks v. Cianbro Corp., 512 So.2d 300 (Fla. 1st DCA 1987) this court struck the JCC's no permanent impairment finding because of the inconsistency presented by the JCC's reliance on a doctor that placed on the claimant numerous medical restrictions which he had not lifted. The doctor had restricted the claimant in Wilbanks from repetitive bending, lifting over 25 pounds, pushing or pulling heavy loads, and prolonged sitting or standing.
As to Dr. Bonis's restrictions in the instant case, it is not clear whether he ever lifted those restrictions as the doctor in Wilbanks had never lifted the restrictions placed on the claimant there. After completion of the initial rehabilitation program, claimant went back into the program for twenty-two therapy sessions between March 9, 1987 and April 23, 1987. Claimant again sought Dr. Bonis's services in June 1988 and after that visit Dr. Bonis's notes indicate that claimant had lumbar spine flexion of 75 degrees, extension of 15 degrees, lateral flexions of 20 degrees, and rotations of 15 degrees. As claimant points out, these findings appear to yield a moderate whole body permanent impairment in accordance with the AMA Guides. As a result, Dr. Bonis's notes do not provide adequate support for the JCC's no permanent impairment finding. Had Dr. Bonis testified by deposition or otherwise and had he reconciled the range of motion test results and the restrictions he placed on claimant with his overall opinion that claimant has no permanent impairment, such might have provided competent, substantial evidence to support the JCC's finding. Given the inconsistency in the notes, however, they cannot constitute competent, substantial evidence. We reverse the no permanent impairment finding and remand for taking of further evidence on the issue.
At hearing, claimant testified that after he completed his March 1986 rehabilitation program and Dr. Bonis returned him to work, he returned to his employer, accompanied by his rehabilitation nurse, seeking light duty. He said they told the terminal manager what his restrictions were but the terminal manager had no light-duty work available. Upon learning this, claimant decided to retire right then and there. Claimant also testified that neither his rehabilitation nurse nor anyone else associated with the E/C told him he was obligated to perform a work search. The carrier's representative at the hearing admitted that nothing was sent claimant regarding his entitlements and obligations.
The JCC did not order any wage loss benefits be paid claimant, writing that claimant retired voluntarily and began drawing social security benefits. The JCC acknowledged that claimant had completed some work search, but dismissed it as cursory. It is apparent from the record that claimant undertook a work search only after his lawyer told him to.
It is a well established tenet of workers' compensation law that the E/C must inform a claimant of his rights to wage loss and of his responsibility to perform a work search. E.g., Ninia v. Southwest Bottlers, 547 So.2d 966 (Fla. 1st DCA 1989). A work search is not a prerequisite to receive benefits if the E/C has failed to advise the claimant of his obligation to perform such. Id. We agree with the JCC that claimant's decision to retire was voluntary; however, *380 we cannot permit claimant's decision to serve as a premise for denial of wage loss when he was not properly informed of his entitlements and obligations under the law. On this record, we are unable to determine that claimant would have retired even had he been informed as required; but it would be no imprudent speculation to wager that if he had been so informed, retirement would not have been so readily forthcoming. Regardless of whether claimant would or would not have retired if he had been properly informed, his uninformed election to retire should not subsequently excuse the E/C of their duty to inform claimant of his right to seek wage loss benefits. Accordingly, we reverse the denial of wage loss and remand for reconsideration of claimant's entitlement to wage loss in light of this opinion.
As to claimant's remaining points on appeal, we find that the JCC did not abuse his discretion in rejecting Dr. Vogel's opinion on permanent physical impairment, Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988), and the medical opinions on which the JCC relied support the denial of future chiropractic care.
AFFIRMED in part, REVERSED and REMANDED in part.
BOOTH and WOLF, JJ., concur.
NOTES
[1] There was no medical testimony in this case. Medical reports and narratives were stipulated into evidence.