583 So.2d 794 (1991)
Virginia WILLIAMS, Appellant,
v.
WALT DISNEY WORLD COMPANY, Appellee.
No. 90-255.
District Court of Appeal of Florida, First District.
August 9, 1991.
*795 Steven M. Meyers, of Meyers & Mooney, P.A., Orlando, for appellant.
Lee G. Schmudde, Lake Buena Vista, for appellee.
ERVIN, Judge.
The only issue raised in this workers' compensation appeal is whether the judge of compensation claims (JCC) erred by allowing two surveillance witnesses to testify as to their observations of the claimant when the employer/carrier (E/C) had failed to comply with the claimant's discovery demand therefor. We find merit in the appeal and therefore reverse and remand.
After claimant had made a demand on the E/C for copies of any surveillance materials, the E/C not only failed to disclose either the existence of a surveillance videotape or the names of the surveillance witnesses, but failed as well to offer any reason to excuse the discovery violation when the objection was lodged. Then, knowing the basis for the objection, the E/C proceeded to call the two surveillance witnesses and questioned them, over continued objection, regarding their observations of appellant during their surveillance. This was error. Florida Workers' Compensation Rule of Procedure 4.090(g), providing that the surveillance evidence of a witness shall be subject to discovery, applies not only to videotapes, but to all "evidence of any investigator, adjustor or other witness in the nature of surveillance," including testimony.
This rule is an adoption of the Florida Supreme Court's decision in Dodson v. Persell, 390 So.2d 704 (Fla. 1980), that surveillance evidence is subject to discovery under the Florida Rules of Civil Procedure and that failure to comply with discovery demands therefor would preclude use of such evidence at trial unless the court found that the failure to disclose was not willful, and that either (1) no prejudice would result, or (2) any existing prejudice would be overcome by allowing a continuance of discovery during a trial recess. Id. at 708. In re Workers' Compensation Rules of Procedure, 535 So.2d 243, 250 (Fla. 1988).
Because the surveillance witnesses' testimony was improperly admitted, the order is reversed and remanded to the JCC for further proceedings. On remand, the JCC is directed to consider appellant's claim in the absence of any of the surveillance evidence, because the record clearly demonstrates that the E/C's ongoing discovery violation was willful. Dodson.
In addition, although not directly raised on appeal, we observe that the order is flawed in that it finds claimant to be at maximum medical improvement (MMI) as of October 3, 1989, but makes no corresponding finding regarding permanent impairment (PI). There is clearly evidence in the record in the form of Dr. Bernstein's testimony that claimant had a ten percent PI; additionally, there is evidence that claimant had some restrictions in her ability to work. A conclusion that a claimant has restrictions without a finding of PI is inconsistent. See Alberta v. American Freight Sys., 565 So.2d 378, 379 (Fla. 1st *796 DCA 1990) (doctor's notes did not provide adequate support for JCC's finding of no PI, because range of motion tests revealed some impairment and doctor placed restrictions on claimant); Stewart v. Resort Inns of Am., 513 So.2d 1334, 1335 (Fla. 1st DCA 1987) (as long as a need for medical treatment and a reasonable expectation of further improvement exists, a claimant cannot be considered to have reached MMI, and PI cannot be determined). Consequently, on remand the JCC is directed to make a specific determination as to PI. Additionally, as there was evidence tending to suggest that the job the E/C offered was one that had never previously existed, the JCC is also be directed to make findings regarding whether the job offered was sheltered employment.
REVERSED and REMANDED for further proceedings.
ZEHMER and MINER, JJ., concur.