SHIVERS, Judge.
This appeal is from a workers’ compensation final order finding no permanent impairment. Appellee cross appeals findings of causation and that the claimant gave timely notice of injury to the employer. We reverse the finding of no permanent impairment; and we affirm the remainder of the final order.
Delier Diaz was a police officer employed by the City of Tampa from February 10, 1984, to May 9, 1989. In 1987 and 1989 Diaz was hospitalized with a psychological disability. The 1989 hospitalization followed an incident on March 17, 1989, when Diaz was involved in a car chase and subsequent shooting. The incident occurred in the course of Diaz’s employment with the city.
While Diaz was in the hospital in April 1989, he was examined by Dr. Skotko, who is a psychologist working as an independent contractor for the Tampa Police Department. On May 9, 1989, Dr. Skotko wrote to Tampa’s Chief of Police and stated in part
While [I do] not believe that Officer Diaz is an imminent danger to himself or others, I do not feel that he is psychologically fit to continue working as a police officer. The presence of two psychotic breaks in two years raises the very real possibility of another occurrence. Dr. Suarez appears to agree with this opinion stating to me ‘since this is the second break, it may happen again.’
Diaz’s badge and gun were taken that day.
Diaz filed a claim for workers’ compensation benefits as a result of the psychological disability. At a hearing on Diaz’s claim, Dr. Suarez testified he was Diaz’s treating physician following the shooting incident. The doctor diagnosed that Diaz was suffering from “brief reactive psychosis”, which is a condition precipitated by a specific event. The psychosis is a temporary condition; and after it passes the patient returns to normal. If the patient does not return to normal, the patient does not suffer from brief reactive psychosis. Dr. Suarez said his prognosis was that Diaz would not be able to return to work as a police officer because “the type of responsibility that [Diaz] would have as a police officer would predispose him to further episodes of psychosis.” According to Dr. Suarez, Diaz reached maximum medical improvement on September 12, 1989. Dr. Suarez wrote to the Tampa Pension Fund for Police Officers:
Mr. Diaz continues under my care on an outpatient basis, needs ongoing psychiatric treatment and will need to avoid any overt and undue stress to maintain his psychological stability.
At this point in time, the patient has reached maximal medical/psychiatric improvement, and due to the nature of his *372 job, he is not presently psychologically capable of assuming duties as a police officer. I strongly suspect that the nature of Mr. Diaz’s responsibility as a police officer can only exacerbate his psychiatric symptom picture.
The judge of compensation claims (JCC) denied benefits beyond the date of maximum medical improvement and found that Diaz suffered no permanent impairment “in accordance with the opinion of Dr. Suarez.”
There is no competent substantial evidence to support the denial of permanent impairment because, in addition to Dr. Suarez’s opinion, Dr. Skotko and the police department determined Diaz could no longer work as a police officer. The denial of permanent disability benefits is inconsistent with the JCC’s express acceptance of Dr. Suarez’s opinion, which was that Diaz was psychologically unable to return to police duty. Wilbanks v. Cianbro Corp., 512 So.2d 300 (Fla. 1st DCA 1987) (conclusion against permanent physical impairment created internally inconsistent order because of deputy’s express acceptance of continuing evidence of restrictions placed on claimant by his physician).
Diaz’s ability to work at jobs other than police work does not preclude an award of permanent disability benefits. “[A] claimant who suffers a permanent disability from an occupational disease is entitled to compensation even though he is not affected if he does not return to work under the conditions which cause his disability,” provided there is an economic loss. Dayron Corp. v. Morehead, 509 So.2d 930, 932 (Fla.1987), aff'g 480 So.2d 235 (Fla. 1st DCA 1985).
Accordingly, we reverse and remand for further proceedings to assign a permanent impairment rating and to determine the extent of any economic loss resulting from Diaz’s permanent disability. We find the arguments raised on cross appeal are without merit and affirm the remainder of the final order.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and WIGGINTON, JJ., concur.