614 So.2d 678 (1993)
Osvaldo RODRIGUEZ, Appellant,
v.
ALBERTSON'S and Risk Administrators, Inc., Appellees.
No. 91-2842.
District Court of Appeal of Florida, First District.
March 4, 1993.
Abe Rosenberg, Hollywood, for appellant.
Iliana Forte of Almeyda & Hill, Miami, for appellees.
WEBSTER, Judge.
In this workers' compensation case, the claimant seeks review of an order denying his request for wage-loss benefits. We conclude that the record does not contain competent substantial evidence to sustain the denial of wage-loss benefits. Accordingly, we reverse.
It is undisputed that claimant injured his back in the course and scope of his employment on March 21, 1988. The employer and servicing agent accepted the injury as compensable, and provided medical care. Claimant was paid temporary total disability benefits for a time, followed by temporary partial disability benefits. From November 9, 1988, until April 30, 1989, claimant received wage-loss benefits. However, *679 beginning on May 1, 1989, the employer and servicing agent controverted claimant's wage-loss claims. The claim for wage-loss benefits which is the subject of this appeal involves the period between May 1, 1989, and May 19, 1990.
Prior to the hearing, the parties stipulated that claimant had attained maximum medical improvement as of March 28, 1989. However, they disagreed as to whether claimant had any permanent impairment  claimant argued that he did; and the employer and servicing agent argued that he did not. The judge of compensation claims heard the testimony of claimant and the servicing agent's claims supervisor; read depositions, including those of Dr. Aparicio, claimant's treating physician, and Dr. Burgess, who performed an independent medical examination of claimant; and reviewed other evidence, including surveillance video tapes. The judge of compensation claims "accept[ed] the opinions of Dr. Burgess over those of Dr. Aparacio [sic]" on the issue of permanent impairment, and expressed his findings as follows:
I find, in accordance with the parties [sic] stipulation, that this claimant attained his maximum medical improvement on March 28, 1989. I find that he suffered no residual permanent physical impairment as a result of the work accident. Therefore, the claim for wage loss benefits after March 28, 1989, shall be denied, as I find that the claimant has failed to carry his burden of proof of establishing threshold entitlement to wage loss benefits absent such a permanent physical impairment.
Claimant argues that there is no competent evidence to support the finding that he reached maximum medical improvement with no permanent impairment. We agree.
Dr. Aparicio, a board-certified orthopedic surgeon, testified that he treated claimant from July 1988 until March 1989. On February 28, 1989, Dr. Aparicio approved claimant's request to return to work, "so long as there is no lifting greater than 15-20 lbs., no stooping, crawling or prolonged bending." On March 28, 1989, Dr. Aparicio discharged claimant from his care, reimposing the restrictions initially imposed a month earlier. Claimant was told to return whenever he felt it necessary to do so. Dr. Aparicio opined that claimant had reached maximum medical improvement as of March 28, 1989, and that claimant had a 3-percent permanent impairment of the body as a whole, based upon the guidelines established by the American Medical Association, as a result of the work-related accident.
Dr. Burgess, who is also an orthopedic surgeon, performed an independent medical examination of claimant on May 17, 1990. Dr. Burgess opined that claimant had reached maximum medical improvement as of the date he examined claimant; and that there was no evidence of any permanent impairment. However, Dr. Burgess also recommended that claimant be restricted from "a heavy category of bending or lifting (30-35 lbs.)."
Dr. Burgess' opinion that claimant had reached maximum medical improvement with no permanent impairment cannot be reconciled with his opinion that claimant should be restricted from "a heavy category of bending or lifting (30-35 lbs.)." "The date of [maximum medical improvement] marks the point after which no further recovery or improvement from an injury or disease can be reasonably anticipated." Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1323 (Fla. 1st DCA 1987), review denied, 525 So.2d 878 (Fla. 1988). "`Permanent impairment' means any anatomic or functional abnormality or loss, existing after the date of maximum medical improvement, which results from the injury." § 440.02(16), Fla. Stat. (1987). Clearly, the inability to perform the type of work one did before an injury because of physical restrictions resulting from the injury constitutes a "permanent impairment." See Diaz v. City of Tampa, 589 So.2d 370 (Fla. 1st DCA 1991). For this reason, a conclusion that a claimant has reached maximum medical improvement with no permanent impairment is irreconcilable with a conclusion that the claimant has physical restrictions on account of the injury. See, e.g., Williams v. Walt Disney World Co., 583 So.2d 794 (Fla. 1st DCA 1991); Alberta v. American Freight Systems, 565 So.2d 378 (Fla. 1st DCA 1990); *680 Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1987); Wilbanks v. Cianbro Corp., 512 So.2d 300 (Fla. 1st DCA 1987).
Because of the irreconcilable opinions offered by Dr. Burgess, his testimony does not constitute competent substantial evidence to support the findings of the judge of compensation claims. As a result, the only competent evidence on the issue of permanent impairment is Dr. Aparicio's testimony, to the effect that claimant has reached maximum medical improvement with a 3-percent permanent impairment of the body as a whole. Thus, Dr. Aparicio's testimony is unrefuted. "Although a [judge of compensation claims] clearly has the right to accept the opinion of one physician over that of others, ... he does not have the right to reject the unrefuted medical testimony of an expert witness." Patterson v. Wellcraft Marine, 509 So.2d 1195, 1197 (Fla. 1st DCA 1987) (citations omitted). Accordingly, we reverse and remand with directions that the judge of compensation claims address and decide the remaining disputed issues applicable to the claim for wage-loss benefits for the period from May 1, 1989, to May 19, 1990. See Collazo v. Sourini Painting Co., 516 So.2d 288 (Fla. 1st DCA 1987).
REVERSED and REMANDED, with directions.
ERVIN and BOOTH, JJ., concur.