ERVIN, Judge.
Appellant/elaimant, Mollie Smith, challenges an order of the judge of compensation claims (JCC) in which he found, among other things, that her industrial accident caused merely a temporary exacerbation of a preexisting condition. Although we find competent, substantial evidence (CSE) to support the JCC’s finding that Smith is not permanently and totally disabled, there is no CSE to support the finding of temporary exacerbation. We therefore affirm in part, reverse in part, and remand.
On April 6, 1992, while working as a bus attendant for the employer, School Board of Polk County, assisting in loading and unloading exceptional-education students and traveling with them, Smith suffered a compensa-ble accident when she fell from a seat in a turning bus and injured her lower back.
The JCC’s findings that claimant’s back problems were the result of a temporary exacerbation of a preexisting condition, because of her history of arthritis aggravated by her obesity, and that she has no permanent impairment (PI), are not supported by competent, substantial evidence. Although Dr. Arturo Perez, Smith’s family physician between July 1988 and October 1992, emphatically believes that claimant could eliminate her back problems if she were to lose a significant amount of weight, he never altered his opinion that the bus accident aggravated her preexisting arthritic condition. Moreover, the last time Dr. Perez had rendered care for Smith’s back complaints was 15 months before her bus accident. During the two years claimant worked as a bus attendant, she was never disabled in any way because of the condition and she testified that she had no difficulty performing her job. Indeed, Dr. Perez testified that claimant never reported, before the industrial accident, that her work in any way had aggravated her back pain.
Although Dr. Perez noted in July 1992 that Smith’s back pain was asymptomatic, which the JCC found significant, the doctor’s subsequent report in September indicated “low-back syndrome.” By then, he had started her on an anti-inflammatory drug, Predni-sone, for temporal arteritis.[1] He said this medication would have alleviated her back pain, “and that will explain why she’s not complaining of the back at this time.” When asked whether the industrial injury was temporary or caused a permanent impairment, Dr. Perez said he was unwilling to venture an opinion but would defer to those of Drs. Sullivan and Pfaff regarding permanency, because they were back specialists.
Dr. Patrick D. Sullivan, an orthopedic surgeon who treated claimant, testified that *1059 Smith has a 5.25 percent PI of her back, resulting from the work-related trauma to her preexisting arthritic lesions. He concluded that she can do light work uninterruptedly so long as she avoids repetitive twisting or bending, prolonged sitting, and lifting over 20 pounds. Dr. Robert Pfaff, an orthopedist who performed an independent medical examination of Smith, did not offer a specific opinion as to an amount of PI in relation to her preexisting problems. He said that her back complaints were primarily due to her age and obesity, but were secondary to her fall on the bus. Although her impairment would not prevent her from returning to work, Dr. Pfaff said she could return to light- to moderate-duty work if she could remain seated most of the time and did not have to lift or escort handicapped children, or if she were given desk work. Thus, Dr. Pfaff believed claimant has some degree of impairment necessitating work restrictions. See Rodriguez v. Albertson’s, 614 So.2d 678, 679 (Fla. 1st DCA 1993) (finding that claimant suffered no PI following MMI is inconsistent with physician’s opinion that claimant could return to work with restrictions against bending and lifting; “[c]learly, the inability to perform the type of work one did before an injury because of physical restrictions resulting from the injury constitutes a ‘permanent impairment.’”). Accord Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1988).
The JCC below noted Dr. Sullivan’s finding regarding PI, but did not give any reason for rejecting it other than observing that Dr. Perez had opined that if Smith lost a sufficient amount of weight, she would no longer have back problems. The JCC concluded that Dr. Pfaff “found no evidence of any impairment that he could attribute to the industrial accident.” Admittedly, Dr. Pfaff found no relationship between claimant’s shoulder, neck and right-upper extremity complaints and her industrial accident, but, in regard to her low-back problem, he opined that both her pre-accident physical condition and her fall contributed to her current complaints.
The situation in this case is comparable to that in Luttrell v. Roger Holler Chevrolet, 625 So.2d 921 (Fla. 1st DCA 1993), in which we reversed the JCC’s finding that Luttrell’s industrial injury was a temporary exacerbation of a previous back injury and that he suffered no PI from the current injury alone. The evidence showed that Luttrell had missed only three days of work and was not subject to any work limitations following his prior accident, whereas after his second injury, he was first given a PI rating, and five physicians placed limitations on his ability to work. Similarly, in the case at bar, Smith had no back problems that disabled her from working prior to her industrial accident but has had constant problems ever since, as well as a PI rating and the placement of work restrictions by two physicians.
Therefore, we reverse that portion of the JCC’s order concluding that Smith temporarily exacerbated a preexisting condition, as it is unsupported by competent, substantial evidence. We affirm, however, the JCC’s finding that claimant is not permanently and totally disabled, because the evidence discloses she is able to perform fight work uninterruptedly, and she did not conduct an adequate work search. Smith has extensive experience as a hairdresser, but she did not seek such employment during the course of her seven-month work search.[2] See Buena Vista Palace v. Lopez, 557 So.2d 948 (Fla. 1st DCA 1990).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further consistent proceedings.
JOANOS and MINER, JJ., concur.

. Inflammation of an artery in her skull.

. The other jobs the JCC considered claimant capable of performing do not appear to be within her medical restrictions.