832 So.2d 174 (2002)
Raul ROJAS, Appellant,
v.
UNITED SHEET METAL and Associated Industries Insurance Company, Appellees.
No. 1D01-4561.
District Court of Appeal of Florida, First District.
November 14, 2002.
Rehearing Denied December 17, 2002.
*175 Ivan Morales, Esquire, Hialeah, and Bill McCabe, Esquire, Longwood, for Appellant.
Mary Ann Stiles, Esquire and Rayford H. Taylor, Esquire, Stiles, Taylor & Grace, P.A., Tallahassee, for Appellees.
PER CURIAM.
Appellant ("claimant") challenges the denial of his claim for temporary partial benefits by the Judge of Compensation Claims ("JCC"). The employer and carrier (E/C) paid claimant temporary disability benefits from the date of his injury, July 7, 1998, to the date he reached maximum medical improvement ("MMI") for his physical conditions, April 8, 1999. See § 440.15(2), Fla. Stat. (Supp.1998). After claimant reached physical MMI, E/C paid him permanent impairment benefits. See § 440.15(3), Fla. Stat. (Supp.1998). While E/C was paying permanent impairment benefits, claimant was referred to a psychiatrist and filed an additional claim for temporary disability benefits from April 8, 1999 through May 7, 2000, the stipulated date of his psychiatric MMI. The JCC denied the claim, stating:
In light of the fact that Claimant was placed at physical MMI as of April 8, 1999, and Dr. Miller's [the psychiatrist] uncontroverted testimony that Claimant did not have any psychiatric work restrictions, Claimant's request for temporary partial benefits must be denied. In the undersigned's view, a contrary ruling is not required simply because Dr. Miller did not place him at psychiatric MMI where Claimant had no psychiatric work restrictions, and was already at physical MMI and released to work with certain physical restrictions.
Claimant argues that we should reverse, citing Korody v. Quality Steel and Claims Center, 694 So.2d 40 (Fla. 1st DCA 1997). We agree.
The court, in Korody, reversed the JCC's award of wage loss benefits before the claimant achieved overall MMI, "notwithstanding the lack of restrictions imposed as a result of claimant's psychiatric condition." 694 So.2d at 41. The court ruled:
"[W]here a claimant has both orthopedic and psychiatric injuries, permanent disability benefits cannot be awarded prior to the claimant's reaching MMI from both disorders." Entenmann's Bakery v. Smith, 620 So.2d 1049, 1051 (Fla. 1st DCA 1993)(emphasis in original). The fact that the claimant's work restrictions all stem from his physical injuries rather than his psychiatric condition is not relevant to this issue.

694 So.2d at 41-42 (emphasis added). Because the JCC denied the claim solely on the basis that there were no work restrictions from his psychiatric condition, as in Korody, we reverse.[1]
Because the JCC did not reach the issue of whether there is a causal connection between a work-related injury and a resulting wage loss from April 8, 1999 through May 7, 2000, see Vencor Hospital *176 v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998), we do not reach that issue.
REVERSED and REMANDED.
VAN NORTWICK and POLSTON, JJ., concur; WOLF, J., dissents with opinion.
WOLF, J., dissenting
I respectfully dissent.
The claimant in the instant case received permanent impairment benefits for his physical condition resulting from the job related injury. The award of those benefits has not been challenged. The existence of claimant's psychiatric injuries became known after permanent impairment benefits had been paid. The only issue is whether the claimant is entitled to additional temporary partial disability (TPD) benefits as a result of his psychiatric condition. Absent proof of further disability resulting from the psychiatric condition, claimant was not entitled to further temporary benefits.
In Korody v. Quality Steel, 694 So.2d 40 (Fla. 1st DCA 1997), the issue was whether the claimant was entitled to wage loss benefits prior to achieving maximum medical improvement (MMI) as to both physical and psychiatric conditions. In the instant case, the claimant is not claiming entitlement to additional permanent benefits nor is the propriety of the original award of permanent benefits questioned. Korody, is not, therefore, controlling.
To be eligible to receive TPD benefits an employee must show a causal connection between a work-related condition and a resulting inability to earn pre-injury wages. See Vencor Hospital v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998). As this court noted, "[T]he 1994 revision did not change the fact that temporary partial disability benefits are `compensation for disability.'" Id. at 969 (emphasis in original). Entitlement to temporary indemnity benefits is based upon a claimant's ability to establish a causal connection or a relationship between a specific injury and the resulting reduction in income. See Vencor, 727 So.2d at 969; Betancourt v. Sears Roebuck & Co., 693 So.2d 680 (Fla. 1st DCA 1997).
There was competent substantial evidence to support the JCC's finding that no work restrictions were placed upon appellant as a result of his psychiatric condition. I would affirm.
NOTES
[1] We are not persuaded by E/C's argument that Korody was overruled by the 1994 legislative changes in the workers compensation statutes.