POLSTON, J.
Appellant Betty Mason (“claimant”) injured her back and shoulder on August 26, 1997. Thereafter, she reached maximum medical improvement (“MMI”) for her back injury on December 20, 2000 and she reached MMI for her shoulder injury on January .3, 2001. On March 13, 2001, claimant injured her ankle. The parties stipulate that the ankle injury arises from the August 26, 1997 industrial accident. There is no indication in the record that claimant has reached overall MMI. Claimant seeks temporary total and temporary partial disability benefits beginning March 13, 2001, which was denied by the Judge of Compensation Claims (“JCC”).
Because there is no indication that claimant has reached overall MMI, the JCC erred in denying the claim on the basis that the ankle injury did not cause wage loss. See Rojas v. United Sheet Metal, 832 So.2d 174 (Fla. 1st DCA 2002)(reversing the JCC’s denial of temporary partial benefits because the claimant was not at overall MMI, even though the claimant was at physical MMI and had no work restrictions from the subsequent psychiatric injuries); Korody v. Quality Steel and Claims Center, 694 So.2d 40 (Fla. 1st DCA 1997).
*579 The JCC did not determine whether there is a causal connection between a work-related injury and a resulting wage loss for her claim, see Vencor Hospital v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998), therefore we do not reach that issue. Rojas, 832 So.2d at 175.
REVERSED and REMANDED.
DAVIS and BENTON, JJ., concur.